**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4700**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS CERVANTEZ-RUIZ,

Defendant - Appellant.

**No. 18-4701**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS CERVANTEZ-RUIZ,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:17-cr-00024-FL-1; 7:18-cr-00069-FL-1)

Submitted: June 20, 2019                    Decided: June 24, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesus Cervantez-Ruiz pled guilty to illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Cervantez-Ruiz to 16 months' imprisonment, the high end of his advisory Sentencing Guidelines range. Based on this new criminal conduct, the court revoked Cervantez-Ruiz's term of supervised release on a prior conviction for the same offense and sentenced him to a consecutive term of 10 months' imprisonment, the high end of his advisory policy statement range. Cervantez-Ruiz timely appealed both sentences, and we consolidated the appeals. We affirm.

Cervantez-Ruiz first argues that both of his sentences are procedurally unreasonable because the district court did not adequately explain its reasons for the chosen sentences and did not sufficiently respond to Cervantez-Ruiz's arguments for lesser sentences. We review an original criminal sentence for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. King*, 673 F.3d 274, 283 (4th Cir. 2012). "[F]or every sentence— whether above, below, or within the Guidelines range—a sentencing court must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks omitted). Although the sentencing judge "need not robotically tick through the [18 U.S.C.] § 3553(a) [(2012)] factors," *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted), he must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for

exercising his own legal decision-making authority," *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted).

We review a sentence imposed upon revocation of supervised release to determine whether it "falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). A supervised release revocation sentence is procedurally reasonable if the district court has considered the Sentencing Guidelines' Chapter Seven advisory policy statement range and the 18 U.S.C. § 3553(a) factors it is permitted to consider in a supervised release revocation case, *see* 18 U.S.C. § 3583(e) (2012); *United States v. Crudup*, 461 F.3d 433, 439-40 (4th Cir. 2006), and has adequately explained the chosen sentence, although it need not explain the sentence in as much detail as when imposing an original sentence, *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

Based on our review of the record, we conclude that the district court's explanation for Cervantez-Ruiz's within-range sentences did not render either sentence procedurally unreasonable. The district court was actively engaged in the sentencing hearing, heard and appropriately responded to argument from counsel and allocution from Cervantez-Ruiz, and sufficiently explained its reasoning to allow for meaningful appellate review.

Cervantez-Ruiz next argues that his sentences violate the Double Jeopardy Clause of the Fifth Amendment because he is being punished twice for the same conduct. As Cervantez-Ruiz acknowledges, however, this claim is foreclosed by Circuit precedent. *See United States v. Woodrup*, 86 F.3d 359, 361-63 (4th Cir. 1996) (holding Double

Jeopardy Clause does not prohibit Government from criminally prosecuting and punishing offense which has formed basis for revocation of term of supervised release).

We therefore affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*